OPINION
Defendant-appellant Anthony Hansbro appeals from his conviction and sentence, following a guilty plea, for Burglary. Hansbro contends that the trial court failed to comply substantially with Crim.R. 11, and that it specifically failed to advise him, before accepting his plea, that it could proceed immediately to the imposition of sentence.
We have reviewed the transcript of the hearing at which Hansbro's plea was tendered and accepted, and, thereafter, he was heard with respect to the matter of sentence, and was then sentenced. Based upon our review of the record, we find that the trial court substantially complied with Crim.R. 11. Hansbro did not object to the trial court's having immediately proceeded to consider the matter of sentencing, and Hansbro and his attorney were obviously prepared for the sentencing hearing.
The judgment of the trial court is Affirmed.
 I
Hansbro was charged by indictment with one count of Burglary. On December 13, 1999, Hansbro appeared in court with his counsel, withdrew his not guilty plea, and pled guilty as charged.
The trial court accepted Hansbro's plea, and immediately proceeded to the sentencing hearing. Hansbro, who had not been advised by the trial court that it could proceed immediately to consider sentencing, did not object thereto. Hansbro's trial counsel presented matters in mitigation, including seven letters addressed to the issue of mitigation.
The trial court, after hearing from Hansbro and his attorney, imposed a sentence of four years in the state penitentiary, but made that sentence concurrent with any incarceration that might be imposed as a result of a pending parole violation proceeding. From his conviction and sentence, Hansbro appeals.
 II
Hansbro's sole assignment of error is as follows:
 THE TRIAL COURT ERRED BY ACCEPTING DEFENDANT'S GUILTY PLEA.
In his brief, Hansbro points to the fact that the trial court failed to advise him, orally, that it might proceed with judgment and sentence, immediately upon accepting his plea, as required by Crim.R. 11(C)(2)(b). Although Hansbro is correct in asserting that the trial court failed to advise him, orally, at his plea hearing, that the trial court could, immediately upon accepting his plea, proceed with judgment and sentence, it is abundantly clear from the transcript of the proceedings that this in no way prejudiced Hansbro. His trial counsel interposed no objection, and gave no indication that he was unprepared to proceed with the sentencing hearing. To the contrary, Hansbro had seven letters that he presented on the issue of mitigation, and his counsel addressed the court and made a competent argument in support of a minimal sentence. Thereafter, Hansbro, himself, made a statement to the court that covers almost three pages of the transcript, and appears to have been the subject of prior preparation.
Unsurprisingly, Hansbro's appellate counsel acknowledged, at argument, that the trial court's specific failure to have complied with the requirement, in Crim.R. 11(C)(2)(b) of informing the defendant that, upon acceptance of the plea, it might proceed with judgment and sentence, is a weak ground upon which to predicate the reversal of this judgment. We agree.
Hansbro argues that even though the trial court otherwise complied, in form, with the requirements of Crim.R. 11, the trial court did not go far enough in ascertaining that Hansbro had a full knowledge and understanding of his situation when he tendered his plea. Hansbro faults the trial court for not having elicited a response from him after each of the matters recited by the trial court with respect to the nature of, and penalty for, the offense, while acknowledging that the trial court did elicit his understanding after the trial court had completed its discussion of all of these matters. Similarly, Hansbro faults the trial court for having failed to elicit his understanding of each of the constitutional rights that he would be giving up by pleading guilty to the offense, even though the trial court did elicit his understanding after all of the rights had been covered.
Perhaps if Hansbro had not been appearing with his attorney at his side during this colloquy, or if Hansbro had indicated some dissatisfaction with his attorney, or if Hansbro's intelligence and ability to understand what the judge was saying had been brought into question, we might find this argument more persuasive. Where, however, as here, a defendant appears to be mentally competent, appears in court alongside his counsel, and has given no indication of any dissatisfaction with his counsel, we are not prepared to say that a trial court has failed to comply substantially with Crim.R. 11 when it fails to obtain a separate acknowledgment from the defendant after each constitutional right, and each factual and legal circumstance, is explained to the defendant, even though that would be the better practice.
Hansbro argues that the trial court should have questioned the wisdom of his plea. He bases this argument upon the fact that he apparently obtained no concession from the State — he pled guilty to the offenses charged, and the State did not make any concessions with respect to sentencing — and the fact that he made a statement suggesting that he was innocent.
We have held that a trial court should exercise greater caution when it accepts a guilty plea accompanied by a protestation of innocence, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162. See, State v. Padgett (1990), 67 Ohio App.3d 332, at 338. However, we are not persuaded that Hansbro's plea was accompanied by a protestation of innocence.
Hansbro relies upon the following statement made by his counsel during the sentencing proceeding, which immediately followed the tender and acceptance of his guilty plea:
 Unfortunately, he received this charge; and he's back before this Court here today. The important points to note in this case are upon confrontation of the victim with Mr. Hansbro outside of her apartment, he did not flee the scene. He did not threaten any persons, parties. He asked for law enforcement to be called to give them his side of the story. They were, in fact summoned.
 He completely cooperated with them. He's here today trying to cooperate with you and not to have the trial and county waste money for a full day's trial.
(Emphasis in Hansbro's brief.)
To begin with, this statement was not made until after Hansbro's plea was tendered and accepted, albeit shortly thereafter. Consequently, we cannot see how it can be used to portray error in the trial court's previous action of having accepted Hansbro's plea. Nevertheless, even if we were to deem this statement as one that the trial court ought to have considered in deciding whether to accept Hansbro's plea, we conclude that it falls short of constituting a protestation of innocence. We do not know what Hansbro's "side of the story" may have been. He may have been successful in persuading the police officers not to charge him with one or more other offenses. His "side of the story" may have sounded in mitigation, rather than exoneration. Finally, he might have understood his "side of the story" to have constituted a defense when he offered it to the police officers, only to learn subsequently from his trial counsel that it was no legal defense to the charge against him.
In conclusion, we are not persuaded that Hansbro accompanied his plea with a protestation of innocence that should have alerted the trial court to a heightened degree of scrutiny to which it should have subjected his tender of the guilty plea.
We have reviewed the entire transcript of the proceedings at which Hansbro's plea was tendered and accepted, and at which he was subsequently sentenced, and we conclude that it substantially complied with the provisions of Crim.R. 11.
Hansbro's sole assignment of error is overruled.
 III
Hansbro's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.